UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MANCHENO,<br><br>   Plaintiff,<br><br> v.<br><br>SERVIS ONE, INC.,<br><br>   Defendant. | Case No. 15-cv-04901-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

## BACKGROUND

Plaintiff Jorge Mancheno alleges that defendant Servis One, Inc., in attempting to foreclose on his home, violated various provisions of the California Homeowners Bill of Rights (Cal. Civil Code §§ 2923.6 & 2923.7) and the Real Estate Settlement Procedures Act (12 U.S.C. § 2605(f), 12 C.F.R. § 1024.41(c)(iii)). Complaint (Dkt. No. 1). Servis One moves to dismiss the Second, Third, Fourth, and Fifth causes of action of the Complaint, which are based on alleged violations of California Civil Code § 2923.7. It argues that Mancheno fails to state a claim under section 2923.7 because he fails to plead that he requested Servis One to appoint a Single Point of Contact (SPOC), a predicate for relief under that section.

Contrary to defendant's argument, section 2923.7 does not require a borrower to affirmatively request a SPOC. Instead, its protections apply once a borrower requests foreclosure alternatives, which Mancheno indisputedly did. Servis One's motion to dismiss is DENIED.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

---

[1] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and VACATE the January 6, 2016 hearing.

dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  Id. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Civil Code section 2923.7 provides:

> (a) Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.
>
> (b) The single point of contact shall be responsible for doing all of the following:
>
> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.
>
> (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.
>
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.
>
> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.
>
> (c) The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current.
>
> (d) The mortgage servicer shall ensure that a single point of contact refers and transfers a borrower to an appropriate supervisor upon request of the borrower, if the single point of contact has a supervisor.
>
> (e) For purposes of this section, "single point of contact" means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process.

Cal. Civ. Code § 2923.7.

Mancheno alleges that he pursued a loan modification agreement with Servis One through his single point of contact, Matthew Stewart. He contends that Servis One violated: (i) section 2923.7(b)(3), by failing to inform him that a sale date for his property had been set and by providing incorrect contact information for a lending agent defendant intended Mancheno to contact, Complaint, ¶¶ 52-57; (ii) section 2923.7(b)(1), by failing to inform Mancheno of the status of his loan modification application, *id.* ¶¶ 58-63; (iii) section 2923.7(b)(5), by failing to provide plaintiff access to a SPOC with the ability and authority to stop the foreclosure proceedings while Mancheno was seeking a mortgage modification, and because his assigned SPOC was inadequate in failing to stop the foreclosure proceedings, *id.* ¶¶ 64-69; and (iv) section 2923.7(b)(4), when Mancheno's SPOC failed to consider him for all foreclosure prevention alternatives offered by Servis One. *Id.* ¶¶ 70-73.

Servis One argues that Mancheno's section 2923.7 claims are deficient because section 2923.7(a) requires a borrower to "request" assignment of a SPOC as a predicate to a mortgage servicer becoming liable under the requirements of section 2923.7(b) and Mancheno does not allege he made that request. Motion (Dkt. No. 19-1) at 3-4. Mancheno responds that it is undisputed that defendant provided a SPOC – Matthew Stewart – and that his allegations focus instead on how Mr. Stewart failed to meet the requirements of the statute. Opposition (Dkt. No.

20) at 6; Complaint ¶ 21. Mancheno also relies on cases where courts have rejected Servis One's argument and concluded the statute does not require an express request for a SPOC by a borrower, but instead imposes a duty to appoint a SPOC when a borrower requests foreclosure alternatives. *See Hild v. Bank of Am., N.A.*, No. EDCV 14-2126-JGB (SPx), 2015 U.S. Dist. LEXIS 13419, at *19 (C.D. Cal. Jan. 29, 2015) ("California Civil Code § 2923.7(a) does not condition the appointment of a SPOC on a borrower's specific request for such a contact; instead the statutory provision requires a SPOC to be appointed when a borrower "requests a foreclosure prevention alternative," such as a loan modification."); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014) ("A plain reading of the statute requires Wells Fargo to assign a SPOC when a borrower requests a foreclosure prevention alternative. It does not require a borrower to specifically request a SPOC."); *see also Hixson v. Wells Fargo Bank NA*, No. C 14-285 SI, 2014 U.S. Dist. LEXIS 108617, at *16 n.4 (N.D. Cal. Aug. 6, 2014) ("Defendant argues that the language of § 2923.7 requires borrowers to affirmatively request a single point of contact and that the FAC does not allege that plaintiff ever requested one. However, defendant does not dispute that plaintiff was provided with multiple single points of contact, and thus defendant's argument is moot and the Court need not address it here.").

I recognize that there is a split among federal district courts in the Ninth Circuit on this issue. *See Green v. Cent. Mortg. Co.*, No. 3:14-cv-04281-LB, 2015 U.S. Dist. LEXIS 161847, at *44 (N.D. Cal. Dec. 1, 2015) (collecting cases). However, I agree with the courts that have concluded that a borrower need not specifically request a SPOC, but instead must seek foreclosure alternatives to trigger a loan servicer's duty to appoint a SPOC. That interpretation is supported by the plain meaning of the statute[2] and is also consistent with the purpose of the statute.[3] Since

---

[2] *Mungai v. Wells Fargo Bank*, No. C-14-00289 DMR, 2014 U.S. Dist. LEXIS 77407, at *31-32 (N.D. Cal. June 3, 2014) ("The phrase 'upon request' simply indicates when the SPOC must be assigned (i.e., upon the borrower's request for a foreclosure prevention alternative, as opposed to the borrower's selection of a foreclosure prevention alternative).").

[3] *See, e.g., Mora v. US Bank*, No. CV 15-02436 DDP (AJWx), 2015 U.S. Dist. LEXIS 97731, at *14-15 n.1 (C.D. Cal. July 27, 2015) ("Defendant's reading also runs against the general canon that a statute should not be read to defeat itself. To read the statute as requiring an explicit request would at best place an unnecessary technical burden on borrowers and at worst defeat the intent of the statute altogether.").

4

Mancheno clearly requested foreclosure alternatives, Servis One's motion to dismiss the second through fifth causes of action is DENIED.

## CONCLUSION

Servis One's motion to dismiss is DENIED.  It shall answer the Complaint within 20 days.

**IT IS SO ORDERED**.

Dated: December 30, 2015



WILLIAM H. ORRICK
United States District Judge